EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Ética Gubernamental<br><br>Peticionario<br><br>v.<br><br>Lornna J. Soto Villanueva<br><br>Recurrida | Certiorari<br><br>2019 TSPR 122<br><br>202 DPR ____ |

Número del Caso: CC-2019-0067


Fecha: 20 de marzo de 2019


Tribunal de Apelaciones:

    Región Judicial de San Juan-Caguas Panel I



Abogadas de la parte peticionaria:

    Lcda. Cristina Isabel Dávila Pernas
    Lcda. Michelle Marie Vélez Berríos
    Lcda. Hazel Landrón González


Abogado de la parte recurrida:

    Lcdo. Andrés Guillermard Noble



Materia: Resolución del Tribunal con Voto particular disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Oficina de Ética Gubernamental<br><br>Peticionario<br><br>v.<br><br>Lornna J. Soto Villanueva<br><br>Recurrida | CC-2019-0067 | |

RESOLUCIÓN
(Nunc Pro Tunc)

En San Juan, Puerto Rico, a 24 de abril de 2019.

Se enmienda nuestra Resolución del caso de epígrafe emitida el 20 de marzo de 2019, a los únicos efectos de hacer constar que la misma fue atendida por la Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Oficina de Ética Gubernamental<br><br>     Peticionario<br><br>       v.<br><br>Lornna J. Soto Villanueva<br><br>     Recurrida | CC-2019-0067 | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de marzo de 2019.

A la Solicitud de Certiorari presentada por la parte peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió un Voto Particular Disidente.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Oficina de Ética Gubernamental<br><br>Peticionaria<br><br>v.<br><br>Lornna J. Soto Villanueva<br><br>Recurrida | CC-2019-0067 | *Certiorari* |

La Jueza Presidenta Oronoz Rodríguez emitió un Voto particular disidente.

En San Juan, Puerto Rico, a 20 de marzo de 2019.

Expediría el presente recurso. El Tribunal de Apelaciones se equivocó al revocar la determinación que emitió la Oficina de Ética Gubernamental (OEG). Mediante esta, la OEG impuso a la Alcaldesa del Municipio de Canóvanas, la Sra. Lornna J. Soto Villanueva (Alcaldesa), una multa de $40,000 por infringir el Artículo 4.2 de la Ley de Ética Gubernamental de Puerto Rico, Ley Núm. 1-2012, 3 LPRA sec. 1857a. En particular, la Oficial Examinadora a cargo del proceso ante la OEG concluyó que la Alcaldesa violentó los siguientes incisos del Artículo 4.2:

(k) Un servidor público no puede, mientras se encuentra en funciones de su trabajo, **dirigir o fomentar actividades que, directa o indirectamente, promuevan los intereses electorales de cualquier partido o candidato político.**

[…]

(m) Un servidor público no puede, mientras se encuentra en funciones de su trabajo, exigir o solicitar a los demás servidores públicos, que hagan **contribuciones económicas o que empleen de su tiempo para realizar o participar en una actividad política.**

[…]

(s) Un servidor público no puede llevar a cabo una acción que ponga en duda **la imparcialidad e integridad** de la función gubernamental.

El expediente incluye evidencia sustancial que supera por mucho el estándar que se requiere para probar que la Alcaldesa contravino estas disposiciones. La OEG presentó cinco testigos que declararon bajo juramento que mientras trabajaban en el Municipio, a ellos y a sus compañeros de trabajo se les citó a reuniones en el Comité del Partido Nuevo Progresista en Canóvanas (Comité). Testificaron que, en estas reuniones, y en su presencia, la Alcaldesa se dirigía a un grupo compuesto mayormente de empleados municipales transitorios y les reprochaba por no participar en actividades políticas y de recaudación de fondos que se celebraban todos los viernes en el Comité.[1]

---

[1] Las partes estipularon que una de las funciones del Comité es realizar actividades de recaudación de fondos.

<u>Todos</u> los testigos coincidieron en que en estas reuniones la Alcaldesa expresó que la asistencia de los empleados municipales a los llamados "viernes de Comité" se tomaría en cuenta a la hora de renovar sus contratos o conceder horas de trabajo adicionales. En sus declaraciones, varios testigos dijeron <u>haberse sentido amenazados</u> como producto de estas expresiones. Dos de los testigos precisaron haber escuchado exactamente las mismas expresiones por parte de la Alcaldesa al momento de referirse al grupo de empleados convocado: "Yo no sé dónde voy a estar si pierdo las elecciones. Y ustedes, ¿saben dónde van a estar?". A preguntas de la OEG, varios testigos declararon que en dichas reuniones se tomaba asistencia y que no firmar podía tener como consecuencia perder su empleo, debido a que la mayoría de los citados eran empleados municipales **transitorios** cuyos contratos se renovaban **de mes a mes**. También declararon que en estas reuniones a los empleados municipales se les entregaba un calendario que incluía todas las actividades a celebrarse en el Comité, de manera que no se les olvidara asistir y contribuir. Incluso, uno de los testigos narró que, al comenzar una de estas reuniones, la Alcaldesa obligó a todos los presentes a colocar sus celulares boca abajo en una mesa en el centro del cuarto, para evitar que grabasen lo allí acontecido.

Estos testimonios le merecieron credibilidad a la Oficial Examinadora que atendió el procedimiento ante la OEG;

es decir, sirvieron para fundamentar y probar que la Alcaldesa violó el Artículo 4.2 de la Ley de Ética Gubernamental y, por consiguiente, la procedencia de la multa correspondiente.

La Oficial Examinadora de la OEG no se equivocó cuando creyó a los testigos a quienes tuvo de frente, cuyo *demeanor* apreció, y a quienes escuchó. Independientemente de que algunos tuvieran vínculos con el contrincante de la Alcaldesa en una primaria lo cierto es que otros, absolutamente ajenos al proceso primarista, vertieron el mismo testimonio. El resultado neto de la intervención del foro intermedio con las determinaciones de hecho ancladas en la credibilidad que la OEG confirió a los testigos que declararon ante sí, fue dejar impunes actos que nuestro ordenamiento expresamente proscribe.

No cabe duda de que los testimonios vertidos en el procedimiento ante la OEG cumplen cabalmente con el requisito de evidencia sustancial y validan la corrección y razonabilidad de la conclusión de la agencia, a saber: que la Alcaldesa, al expresarse de la manera en que lo hizo durante una serie de reuniones con empleados municipales, incurrió en violaciones al Artículo 4.2(m), (k) y (s) de la Ley de Ética Gubernamental, supra. Ante este cuadro, el Tribunal de Apelaciones solo tenía un curso de acción legalmente permisible: activar el criterio de deferencia administrativa que rige cuando, tal y como ocurrió aquí, no medió prejuicio, arbitrariedad, ilegalidad o irracionalidad en su actuación,

y confirmar el dictamen de la OEG. Por ello, disiento de la determinación de la Sala de Despacho de denegar el recurso que presentó la OEG.

                        Maite D. Oronoz Rodríguez
                              Jueza Presidenta